BRIAN J. STRETCH (CABN 163973)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

MATTHEW J. KLUGE (PABN 204285)
Trial Attorney, Tax Division
matthew.j.kluge@usdoj.gov
COLIN SAMPSON (CABN 249784)
Assistant United States Attorney, Tax Division
Colin.Sampson@usdoj.gov
450 Golden Gate Ave., 11th Floor
San Francisco, CA 94102
Telephone:     (415) 436-7020
Facsimile:      (415) 436-7009

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TRACY CHANG, and<br>HOWARD HSU,<br><br>Defendants. | No. CR 15-00067 WHO<br><br>THE UNITED STATES' PRETRIAL CONFERENCE STATEMENT<br><br>Pretrial Conf.:    January 23, 2017<br>Time:                 2:00 p.m.<br>Place:               Courtroom #12, 19th Fl. |

The United States of America, through its counsel Brian J. Stretch, United States Attorney, Colin Sampson, Assistant United States Attorney, and Matthew J. Kluge, Trial Attorney, Tax Division, respectfully submits this pretrial conference statement, pursuant to Criminal Local Rule 17.1-1 and the Court's August 31, 2015, and September 9, 2016, Criminal Pretrial Orders. *See* Doc. Nos. 35, 67.

///

1

I.         STATEMENT OF THE CASE

2

a. Indictment.

3

On January 29, 2016, a grand jury sitting in the Northern District of California returned a six-

4

count indictment against defendants Tracy Chang and Howard Hsu.  The indictment charges Ms. Chang

5

and Mr. Hsu with conspiracy to defraud the United States by false claims, in violation of 18 U.S.C. §

6

371.  In addition to the conspiracy count, Ms. Chang is also charged with willfully making and

7

subscribing a false 2008 corporate income tax return (Form 1120) for Didsee Corporation ("Didsee"),

8

and a false amended 2007 corporate income tax return (Form 1120X) for the same business, both in

9

violation of 26 U.S.C. § 7206(1).  In addition to the conspiracy count, Mr. Hsu is also charged with three

10

counts of willfully aiding and assisting in the preparation of a false tax return related to the 2008 and

11

2009 tax returns for Didsee, and the amended 2007 tax return for the same business, each in violation of

12

26 U.S.C. § 7206(2).

13

b. Trial Status.

14

The defendants are set for trial before The Honorable District William H. Orrick on February 6,

15

2017.  The case has not been resolved short of trial.

16

c. Custody Status.

17

The defendants are released on $100,000 unsecured bonds and are being monitored by the U.S.

18

Pretrial Services Agency.

19

d. Jury Waiver.

20

The defendants have not waived the right to a jury trial with respect to any of the six counts.

21

II.   STATEMENT OF FACTS

22

The United States expects to prove at trial that Ms. Chang and Mr. Hsu incorporated Didsee

23

Corporation in Nevada in April 2007.  Didsee was an affiliate marketing business, which earned income

24

through the use of technology developed by Mr. Hsu designed to drive internet users to certain websites.

25

The owners of these websites then paid commissions to Didsee based on the volume of internet traffic

26

they received.

27

Ms. Chang was the president, secretary, and treasurer of Didsee.  Ms. Chang opened numerous

28

bank accounts to hold money Didsee earned.  She was the authorized signer on these bank accounts.

1   She deposited Didsee's income, and paid Didsee's bills, which primarily consisted of monthly American

2   Express credit card bills.  She also managed Didsee's funds, frequently moving money between various

3   bank accounts, including accounts in her name and the name of two relatives.  She kept Didsee's

4   financial and corporate records at her home, performed bookkeeping services, and maintained

5   accounting records to track income, expenses, and transfers of Didsee funds to various bank accounts.

6   Mr. Hsu assisted her in maintaining these accounting records.  Ms. Chang and Mr. Hsu obtained

7   American Express credit cards in the name of Didsee Corporation, which they both used to pay various

8   expenditures.  Ms. Chang paid the monthly American Express bills for the Didsee corporate credit card

9   with Didsee funds.

10          Mr. Hsu hired return preparers to prepare Didsee's corporate tax returns for 2007, 2008, and

11   2009.  The return preparers did not perform bookkeeping services for Didsee, nor did they audit the

12   accuracy of the information provided to them.  Mr. Hsu provided the return preparers only with

13   summary financial information for Didsee, including an income statement and a balance sheet.  The

14   gross receipts reported on the income statements for 2008 and 2009 reconcile to the gross receipts on the

15   accounting records Ms. Chang and Mr. Hsu maintained for Didsee.  However, the business expenses

16   reported on these income statements vastly exceed the business expenses on the same accounting

17   records.  The return preparers prepared the Didsee tax returns relying on the information on the income

18   statements and balance sheets provided to them, and thus the tax returns for 2008 and 2009 claim a

19   significant amount of business expenses that are not reflected in Didsee's accounting records.

20          On Didsee's 2007 tax return, Didsee reported approximately $1.6 million in gross receipts,

21   $229,000 in business expenses, and taxable income of $1.4 million.  Didsee paid $484,000 in taxes for

22   2007.  Ms. Chang signed the 2007 Didsee tax return.  After paying this large tax bill, Ms. Chang and Mr.

23   Hsu endeavored to virtually eliminate any future tax due from Didsee.   Accordingly, on Didsee's 2008

24   tax return, Didsee reported approximately $1.9 million in gross receipts.  However, the tax return also

25   claimed approximately $1.9 million in business expenses, and taxable income of only $14,693.  Didsee

26   paid only $2,204 in taxes for 2008.  Ms. Chang signed the Didsee 2008 tax return.  Didsee had no gross

27   receipts in 2009.  On Didsee's 2009 tax return, Didsee claimed business expenses of approximately

28   $377,000, and a net operating loss of $362,000.  Mr. Hsu signed the 2009 Didsee tax return.  Based on

1   the claimed net operating loss on the 2009 Didsee tax return, the return preparer prepared an amended

2   2007 Didsee tax return to carryback the loss and recover some of the taxes Didsee previously paid for

3   2007.  The amended 2007 Didsee tax return was signed by Ms. Chang.

4       Like Didsee's own accounting records, an analysis of bank account records from the various

5   banks that received Didsee funds also demonstrates that the expenses claimed on the 2008 and 2009 tax

6   returns are false.  This analysis shows that the business expenses claimed on the 2008 and 2009 Didsee

7   returns vastly overstate the company's actual expenses.  Even assuming that expenditures paid out of

8   these numerous bank accounts were legitimate business expenses, these expenditures total only

9   approximately half of the business expenses claimed on the 2008 and 2009 Didsee tax returns.

10  Accordingly, those tax returns and the amended 2007 tax return, which is based solely on the 2009 net

11  operating loss, are false.

12     III.  PERTINENT LAW

13       a.  Conspiracy to Defraud the United States

14      Title 18, U.S.C. Section 371 proscribes conspiracies to defraud the United States. To establish a

15  violation of Section 371, the following elements must be proved:

16      1.   The existence of an agreement by two or more persons to commit an offense

17           against the United States or defraud the United States;

18      2.   The defendant's knowing and voluntary participation in the conspiracy; and

19      3.   The commission of an overt act in furtherance of the conspiracy.

20  *See United States v. Penagos*, 823 F.2d 346, 348 (9th Cir.1987). The government must prove each

21  element beyond a reasonable doubt. *United States v. Marashi*, 913 F.2d 724, 735 (9th Cir. 1990).

22      A person may violate Section 371 by conspiring or agreeing to engage in conduct that is

23  prohibited by a substantive criminal statute. In criminal tax prosecutions, this conduct typically involves

24  agreements to commit substantive Title 26 offenses, such as filing false income tax returns (26 U.S.C. §

25  7206). *See, e.g., United States v. Searan*, 259 F.3d 434, 441-42 (6th Cir. 2001); *United States v.

26  Helmsley*, 941 F.2d at 90 (2d Cir. 1991). In a "*Klein* conspiracy," the government alleges that the

27  defendant conspired to defraud the United States for the purpose of "impeding, impairing, obstructing

28  and defeating the lawful government functions of the Internal Revenue Service of the Department of the

1  Treasury in the ascertainment, computation, assessment, and collection of the revenue: to wit, income

2  taxes." *United States v. Klein*, 247 F.2d 908, 915 (2d Cir. 1957); *see also United States v. Cohen*, 510

3  F.3d 1114, 1117 n.2 (9th Cir. 2007).

4       b.  Making and Subscribing a False Tax Return

5       Title 26, U.S.C. Section 7206(1) proscribes willfully making and subscribing a false tax return.

6  To establish a violation of Section 7206(1), the following elements must be proved:

7          1.  The defendant made and subscribed a return, statement, or other document which

8            was false as to a material matter;

9          2.  The return, statement, or other document contained a written declaration that it

10           was made under the penalties of perjury;

11         3.  The defendant did not believe the return, statement, or other document to be true

12           and correct as to every material matter; and

13         4.  The defendant falsely subscribed to the return, statement, or other document

14           willfully, with the specific intent to violate the law.

15 *See United States v. Bishop*, 412 U.S. 346, 350 (1973); *United States v. Scholl*, 166 F.3d 964, 979-80

16 (9th Cir. 1999).

17      Willfulness has been defined by the courts as a "voluntary, intentional violation of a known legal

18 duty."  *Cheek v. United States*, 498 U.S. 192, 200-01 (1991); *see United States v. Powell*, 955 F.2d 1206,

19 1211 (9th Cir. 1991); *United States v. Conforte*, 624 F.2d 869, 875 (9th Cir. 1980).  Although the jury

20 must employ a subjective standard, the jury may "consider the reasonableness of the defendant's

21 asserted beliefs in determining whether the belief was honestly or genuinely held."  *United States v.*

22 *Grunewald*, 987 F.2d 531, 536 (8th Cir. 1993).  Once it has been established that the defendant was

23 aware of a legal duty and intentionally violated that duty, it is no defense that the defendant believed that

24 the law imposing the duty was unconstitutional.  *Cheek*, 498 U.S. at 204-06.  The government may rely

25 solely on circumstantial evidence to prove willfulness.  *See, e.g., United States v. Tucker*, 133 F.3d

26 1208, 1218-19 (9th Cir. 1998) (false returns).

27      Reliance on a qualified tax return preparer has been referred to as an affirmative defense to a

28 charge under § 7206(1).  In order to avail himself or herself of this defense, however, a defendant must

demonstrate that he or she provided "full disclosure" of "all material facts." *See United States v. Kenney*, 911 F.2d 315, 322 (9th Cir. 1990) (discussing a reliance defense based on advice of an attorney); *see also United States v. Wilson*, 887 F.2d 69, 73 (5th Cir. 1989).

     c.  Aiding and Assisting in the Preparation of a False Tax Return

     Title 26, U.S.C. Section 7206(2) proscribes willfully aiding and assisting in the preparation of a false tax return. To establish a violation of Section 7206(2), the following elements must be proved:

          1.     Defendant aided or assisted in, procured, counseled, or advised the preparation or presentation of a document in connection with a matter arising under the internal revenue laws;

          2.     The document was false as to a material matter; and

          3.     The act of the defendant was willful.

*See United States v. Crum*, 529 F.2d 1380, 1382 n.2 (9th Cir. 1976). There need not be actual physical preparation of the return if the evidence demonstrates that the defendant provided aid, assistance, and advice in the preparation of the false tax return or took other actions that caused the taxpayer to file the false and fraudulent return. *United States v. Smith*, 424 F.3d 992, 1010-11 (9th Cir. 2005).

IV.  LOCAL CRIMINAL RULE 17.1

     **17.1-1(b)(1):  Disclosure and contemplated use of statements or reports of witnesses under the Jencks Act, 18 U.S.C. § 3500, or Fed. R. Crim. P 26.2.**

     The government will provide all available statements and reports of witnesses under the Jencks Act no later than 7 calendar days before trial. The government will produce any additional Jencks material as it becomes available.

     **17.1-1(b)(2):  Disclosure and contemplated use of grand jury testimony of witnesses to be called at trial.**

     The government anticipates calling IRS Special Agent Justin Fletcher, who testified before the grand jury in this matter. The government will produce the witness' testimony consistent with its Jencks obligations.

///

**17.1-1(b)(3):   Disclosure of exculpatory or other evidence favorable to defendants on the issue of guilt or punishment.**

The government has produced all available exculpatory or other evidence favorable to the defendant that is known to the government.

**17.1-1(b)(4):   Stipulation of facts which may be deemed proved at the trial without further proof by either party and limitation of witnesses.**

The parties have exchanged approximately eighteen proposed stipulations, which the United States believes could obviate the need to call numerous document custodians.  To date, no stipulations have been executed by the parties.

**17.1-1(b)(5):   Appointment by the Court of interpreters under Fed. R. Crim. P. 28.**

The government does not anticipate using any Court interpreters. However, the government notes that defendant Tracy Chang has appeared in Court utilizing the services of an interpreter certified in a dialect of Cantonese.

**17.1-1(b)(6):   Dismissal of counts and elimination from the case of certain issues, e.g., insanity, alibi and statute of limitations.**

Ms. Chang was charged with three counts, and Mr. Hsu was charged with four counts.  On January 12, 2017, the government moved to dismiss Count 3 in the indictment, charging Ms. Chang with signing and subscribing to a false Amended 2007 federal income tax return for Didsee Corporation.

**17.1-1(b)(7):   Joinder pursuant to Fed. R. Crim. P. 13 or the severance of trial as to any co-defendant.**

Defendants have been joined in the Indictment as a result of their participation in a conspiracy to defraud the United States through the filing of false corporate income tax returns for Didsee Corporation, a business they controlled.  The United States does not believe that joinder of the parties will prejudice either defendant for purposes of Fed. R. Crim. P. 14.

**17.1-1(b)(8):   Identification of informers, use of lineup or other identification evidence and evidence of prior convictions of defendant or any witness, etc.**

The United States is aware of reports regarding suspicious activity provided to the government by two banks relating to financial transactions on accounts owned or controlled by Ms. Chang. The

1   United States does not anticipate calling an informer at trial, as the United States has not charged Ms.

2   Chang with crimes related to the structuring of financial transactions, evading reporting requirements, or

3   money laundering.  The United States is not aware of any criminal convictions of the defendants that it

4   plans to introduce at trial.  The United States is not aware of any criminal convictions of the witnesses it

5   plans to call at trial.

6   **17.1-1(b)(9):   Pretrial exchange of lists of witnesses intended to be called in person
    or by deposition to testify at trial, except those who may be called only for**

7   **impeachment or rebuttal.**

8   The United States filed its Witness List on January 16, 2017.  *See* Doc. No. 81.

9   **17.1-1(b)(10): Pretrial exchange of documents, exhibits, summaries, schedules,
    models or diagrams intended to be offered or used at trial, except materials**

10  **that may be used only for impeachment or rebuttal.**

11  The government filed an exhibit list and provided a copy of its exhibit binder to the defendants

12  on January 9, 2017.  The government reserves the right to update the exhibit list and exhibit binder prior

13  to trial, and will promptly notify the defendants of any updates.

14  **17.1-1(b)(11): Pretrial resolution of objections to exhibits or testimony to be offered at trial.**

15  The government is not aware of any objections to exhibits or testimony to be offered at trial that

16  would not have been addressed in the parties' motions *in limine*.  If any unanticipated objections become

17  apparent, the United States will seek to meet and confer in advance, and then raise the issue to the Court.

18

19  **17.1-1(b)(12): Preparation of trial briefs on controverted points of law likely to arise at
    trial.**

20  The government does not currently anticipate any controverted points of law being raised at trial

21  that are not addressed in the parties' motions *in limine*.  If any unanticipated objections become

22  apparent, the United States will seek to meet and confer in advance, and then raise the issue to the Court.

23  **17.1-1(b)(13): Scheduling of the trial and of witnesses.**

24  Assuming that the above-referenced stipulations are agreed to, the government believes its case-

25  in-chief will not exceed 5 court days.  The Court has currently allotted a week for trial.

26  ///

27  ///

28

**17.1-1(b)(14): Request to submit questionnaire for prospective jurors pursuant to Crim.L.R. 24-1, voir dire questions, exercise of peremptory and cause challenges and jury instructions.**

The government requests that the jointly proposed voir dire questions and jury instructions be given to the jurors.  The United States has separately submitted additional voir dire questions to the Court. *See* Doc. No. 79.

**17.1-1(b)(15): Any other matter which may tend to promote a fair and expeditious trial.**

Government's Intent to Elicit Testimony of Statements by Ms. Chang and Mr. Hsu

The government anticipates introducing at trial statements by both Ms. Chang and Mr. Hsu. These statements include both testimonial and non-testimonial statements.  Testimonial statements include statements made to law enforcement where the primary purpose of the questioning by law enforcement is to establish or prove past events potentially relevant to later criminal prosecution. *See Davis v. Washington*, 547 U.S. 813, 822 (2006).

The government intends to introduce statements by Ms. Chang that she made to law enforcement during an interview conducted by IRS Special Agents on March 22, 2011.  Among other things, Ms. Chang made statements about her educational background and employment history.  She stated that she worked in accounting since she arrived in the United States in 1985.  She also made statements about the operations of Didsee, her involvement with the business, and the preparation of Didsee's tax returns. Ms. Chang admitted that she signs the Didsee tax returns.

The government also intends to introduce statements by Mr. Hsu that he made to law enforcement during an interview conducted by IRS Special Agents on March 22, 2011, and subsequent contacts between him and IRS Special Agents on March 26, 2012, April 17, 2012, and April 25, 2012. Among other things, Mr. Hsu provided information on the nature of Didsee's business, and stated that he was referred to the return preparer who prepared Didsee's tax returns.  Mr. Hsu stated that he received a distribution from his company, LCCW, which did business with Didsee.  He stated that Didsee had essentially no employees, and that he reviewed the books and records of Didsee before they were sent to the return preparer.  Mr. Hsu also made statements about the non-existence of other Didsee records other than those seized by the Special Agents during the execution of a search warrant, and he stated that the IRS may have missed some of the expenses Didsee paid, pointing out that Didsee paid his

1    company LCCW $600,000 in 2008.  Mr. Hsu stated that he paid $500,000 in taxes in 2007, and that he

2    did not hide any money in an offshore account.

3          The government provided all of these statements to the defendants in discovery.  The

4    government acknowledges that these statements to IRS agents by Ms. Chang and Mr. Hsu are

5    testimonial.  The government does not intend to introduce evidence of any testimonial statements by Ms.

6    Chang or Mr. Hsu that incriminate each other.  *See United States v. Hoac*, 990 F.2d 1099, 1105 (9th Cir.

7    1993) (stating that a codefendant's statement that does not incriminate the defendant unless linked with

8    other evidence introduced at trial does not violate the defendant's *Sixth Amendment* rights).

9          In addition to the testimonial statements discussed above, the government also intends to

10   introduce into evidence non-testimonial statements by Ms. Chang and Mr. Hsu.  The non-testimonial

11   statements consist primarily of statements Mr. Hsu made to the return preparers he hired to prepare tax

12   returns for Didsee.  They include email correspondence and verbal communications.  The government

13   intends to offer these statements as statements in furtherance of a conspiracy under Rule 801(d)(2)(E),

14   or, in the alternative, statements of a party opponent under Rule 801(d)(2)(A).

15         Pursuant to Local Criminal Rule 16-1(c), the government gives notice of the following co-

16   conspirator statements it intends to introduce at trial:

17
18    1.  Email exchange between Defendant Howard Hsu and return preparer Dominique Molina
        dated March 5, 2008, regarding Didsee Corporation's 2007 tax return, payroll, and
        estimated tax.

19
20    2.  Email exchange between Defendant Howard Hsu and return preparer Dominique Molina
        dated September 9-12, 2008, regarding Didsee Corporation's 2007 tax return and
        supporting documents.

21
22    3.  Statements made by Defendant Howard Hsu to return preparer Dominique Molina in or
        about October 2008, regarding tax strategy planning for Didsee Corporation.

23
24    4.  Statements made by Defendant Howard Hsu to return preparer Dominique Molina in or
        about October 2008, regarding personal tax planning strategy.

25
26    5.  Email exchange between Defendant Howard Hsu and return preparer Dominique Molina
        dated September 12, 2009, in which Defendant Hsu answers some questions regarding the
        Didsee Corporation 2007 corporate tax return.

27
28    6.  Email exchange between Defendant Howard Hsu and return preparer Dominique Molina
        dated September 15, 2008 regarding 2007 draft Didsee corporate return.

7. Email exchange between Defendant Howard Hsu and return preparer Dominique Molina dated April 14, 2008 regarding tax preparation, efile Authorizations and Amazon 1099.

8. Email exchange between Defendant Howard Hsu and return preparer Dominique Molina dated March 13, 2009, regarding Didsee/LCCW 2008 engagement letter for prepration of tax returns.

9. Email exchange between Defendant Howard Hsu and return preparer Dominique Molina dated April 14, 2009, regarding payment by Didsee Corporation to LCCW Enterprises.

10. Email exchange between Defendant Howard Hsu and return preparer Dominique Molina dated September 4-14, 2009, regarding preparation of Didsee corporate tax return including attachment of income statement and balance sheet.

11. Email exchange between Defendant Howard Hsu and return preparer Dominique Molina dated September 11, 2009, in which Defendant Hsu answers some questions regarding the Didsee Corporation 2008 corporate tax return.

12. Email exchange between Defendant Howard Hsu and return preparer Dominique Molina dated September 14-15, 2008 regarding Didsee Corporation's efile authorization form.

13. Email exchange between Defendant Howard Hsu and Dominique Molina dated December 28-30, 2009, regarding carrying back 2009 losses of Didsee Corporation's to 2007.

14. Email exchange between Defendant Howard Hsu and Gail Barrett dated September 14-15, 2010, regarding 2009 income sheet and balance sheet for Didsee Corporation for 2009, and carryback loss for 2007.

15. Email exchanges between Defendant Howard Hsu to Flerida St. Aubin dated December 20, 2010, and January 10, 2011 regarding 2007 carryback loss.

16. Statement by Howard Hsu to return preparer Flerida St. Aubin in which Howard Hsu states that the reason the cost basis for stocks purchased by Didsee in 2009 exceeds the value of all assets reported on Didsee Corporation's balance sheet as of December 31, 2009, was because such stocks were purchased on margin.

17. Statement by Howard Hsu to return preparer Flerida St. Aubin in early 2011 in which Howard Hsu stated that he wanted St. Aubin to prepare a 2007 Form 1120X, Amended Corporate Income Tax Return for Didsee Corporation to carryback a loss claimed on the 2009 Form 1120 prepared by St. Aubin.

The above statements were made in furtherance of the conspiracy between Mr. Hsu and Ms. Chang to defraud the United States. Ms. Chang kept Didsee's financial and corporate records at her home, performed bookkeeping services, moved and tracked Didsee's funds among numerous accounts in the names of Didsee, herself, and other individuals whose accounts she controlled. Ms. Chang kept

1  and maintained accounting records for Didsee to track income, expenses, and transfers of Didsee funds.

2  Mr. Hsu assisted her in maintaining these accounting records and making corrections to them.  Mr. Hsu

3  provided Didsee's return preparers only with summary financial information for Didsee, including an

4  income statement and a balance sheet.  He did not provide them with Didsee's more accurate books,

5  which showed that the summaries he provided were inflated with false expenses.  When the returns were

6  prepared based on the false 2008 and 2009 summaries, the returns were provided to Ms. Chang for

7  signature, which she did for 2008 and for the amended 2007 return, which carried back false losses

8  claimed on the 2009 Didsee return.  The Didsee corporate returns falsely state business expenses for the

9  years 2008 and 2009.  The business expenses on these tax returns vastly overstate the business' expenses

10  when compared to Didsee's accounting and financial records.

11       The above statements are covered by the exception to the prohibition against hearsay because

12  they were statements by a coconspirator made in furtherance of the conspiracy under Rule 801(d)(2)(E).

13  Alternatively, the statements above, as well as additional statements by Mr. Hsu and Ms. Chang, are also

14  admissible as statements of a party opponent under Rule 801(d)(2)(A).

15

16  Dated: January 16, 2017.

17                                        Respectfully Submitted,

18                                        BRIAN J. STRETCH
    United States Attorney

19

20                                        */s/ Colin Sampson*
    COLIN SAMPSON

21      Assistant United States Attorney
    MATTHEW J. KLUGE

22      Trial Attorney, Tax Division

23

24

25

26

27

28

UNITED STATES' PRETRIAL STATEMENT,
CR-15-00067-WHO                    12